**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 15-cv-21317-MGC**

QUOC KHANH BUI, individually,
and on behalf of himself and all others
similarly-situated,

      Plaintiff,

vs.

MINORITY MOBILE SYSTEM, INC.,
ITRANSPORT SERVICES, INC.,
both Florida Corporations, ALEIDA
COBO, individually, and JOANNE R.
URQUIOLA, individually,

      Defendants.

_____/

**JOINT SUMMARY OF THE PARTIES' MOTIONS IN *LIMINE***
**TABLE OF CONTENTS**

REFERENCE TO ATTORNEYS' FEES AND COSTS…………………...….... 3

REFERENCE TO LIQUIDATED DAMAGES………………………………..... 4

REFERENCE TO PLAINTIFF'S COUNSEL AND THE FIRM'S
REPRESENTATION OF PLAINTIFF………………….…....………………….... 5

REFERENCE TO DEFENDANTS' PRIOR CASES…………………….…..... 6

REFERENCE TO BUI'S PENDING EEOC CHARGE………………………… 7

REFERENCE TO PRIOR FLSA CLAIMS AGAINST THE DEFENDANTS…...8

EVIDENCE OR TESTIMONY OF FORMER EMPLOYEES WHO
MADE FLSA CLAIMS AGAINST THE DEFENDANTS………………………..9

PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED
MOTIONS LIMINE      …………………………………………………………10

**STATEMENT OF THE ISSUES:**

Pursuant to the Court's Order Setting Civil Trial Date and Pretrial Deadlines and Order Referring to Magistrate dated May 14, 2015 [D.E. 26], the parties hereby submit their Joint Summary of the Parties' Motion(s) in *Limine*.

**Index of the Motions in *Limine***

1. Plaintiffs move in *limine* to exclude reference or introduction of the following three (3) issues:

   a) Any reference to attorneys' fees and costs;

   b) Any reference to liquidated damages;

   c) Any reference to Plaintiffs' Counsel and the Firm's representation of Plaintiff;

2. Defendants move in *limine* to exclude reference or introduction of the following issues:

   d. Defendants' Motion in *Limine* to Exclude Evidence or Testimony Regarding Bui's Pending EEOC Charge

   e. Defendants' Motion in *Limine* to Exclude Evidence or Testimony Regarding Prior FLSA Claims Against the Defendants

   f. Defendants' Motion in *Limine* to Exclude Evidence or Testimony of Former Employees Who Made FLSA Claims Against the Defendants

### A.  Reference To Attorneys' Fees and Costs.

Defendants have agreed to stipulate that there will be no reference to attorney fees and costs at Trial. Plaintiff, therefore, respectfully requests an Order excluding said references.  Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter.  The issue of attorney fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

### Defendants' Response

Defendants have not stipulated to any matter pertaining to Plaintiffs' attorneys' fees and costs. Instead, Defendants do agree that the issue of attorneys' fees and costs are post-trial matters to be decided by the Court which should not be raised at the trial by any party. Defendants would stipulate that there will be no reference to attorneys' fees and costs by any party, provided that the Court instructs the jury that the issue of attorneys' fees and costs would be separately addressed by the Court. Otherwise, Plaintiffs' Motion in Limine should be denied.

## B.  Reference To Liquidated Damages.

Defendants have agreed to stipulate that there will be no reference to liquidated damages at Trial. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).  *See also*, *Reeves v. International Tel. & Tel. Corp*., 616 F.2d 1342 (5ᵗʰ Cir. 1980).  However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails).  Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them.  The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial.

## Defendants' Response

Defendants have not stipulated to any matter pertaining to Plaintiffs' liquidated damages. Instead, Defendants do agree that the issue of liquidated damages are post-trial matters to be decided by the Court which should not be raised at the trial by any party. Defendants would stipulate that there will be no reference to liquidated damages by any party, provided that the Court instructs the jury that the issue of liquidated damages would be separately addressed by the Court. Otherwise, Plaintiffs' Motion in Limine should be denied.

## C.  Reference To Plaintiff's Counsel And The Firm's Representation Of Plaintiff.

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).  *See*, Fed. R. Evid. Rule 403.  The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise.

### Defendants' Response

Plaintiffs' Motion is vague and ambiguous.  Defendants agree that how Plaintiffs obtained representation and the terms of their fee agreement are post-trial matters to be addressed by the Court which should not be raised at the trial by either party. Otherwise, Plaintiffs' Motion in Limine should be denied.

**Arguments**

**(D)Defendants' Motion in *Limine* to Exclude Evidence or Testimony Regarding Bui's Pending EEOC Charge**

On April 27, 2015, Plaintiff Bui filed a Charge of national origin discrimination. The Charge is currently under investigation by the EEOC. Bui's EEOC Charge involves a completely different set of facts and issues than those that are the subject of the instant lawsuit. Defendants anticipate that Plaintiff Bui may seek to introduce evidence or testimony at trial regarding the pending EEOC Charge. Such evidence is not irrelevant and has absolutely no bearing on Bui's FLSA case because it does not have "any tendency to make or prove a fact more or less probable than it would be without the evidence" and it is not "of consequence in determining the action." Fed. R. Evid. 401. The fact that such an EEOC Charge was filed has no relevance to the instant action.

Moreover, any evidence regarding the EEOC Charge should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. See Hodgetts v. City of Venice, Florida 2011 WL 2183709 (M.D. Fla. June 6, 2011). The jury could easily and incorrectly infer from the proffered evidence that Defendants are liable in this case only because one of the Plaintiffs also has a pending EEOC Charge against the Defendant.

Furthermore, such evidence will result in the expenditure of significant litigation time on issues completely unrelated to Plaintiffs' claims and the inevitable result of having to conduct several "mini-trials" within this trial. McWhorter v. City of Birmingham, 906 F.2d 674, 679 (11th Cir. 1990). Therefore, Plaintiffs should be precluded from introducing evidence or testimony regarding Bui's pending EEOC Charge.

**(E)Defendants' Motion in *Limine* to Exclude Evidence or Testimony Regarding Prior FLSA Claims Against the Defendants**

At trial Plaintiffs may seek to introduce evidence of the existence of prior FLSA claims against Defendants.  Such evidence should be excluded as it is not relevant and has no bearing on Plaintiffs' claims since there has never been a judicial determination that Defendants have violated the FLSA.  Thus, the existence of prior FLSA claims would not have "any tendency to make or prove a fact more or less probable than it would be without the evidence" and it is not "of consequence in determining the action." Fed. R. Evid. 401.

Moreover, any evidence regarding prior FLSA claims should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Fed. R. Evid. 403.  See Thomas v. Bombardier Recreational Products, Inc., 2010 WL 4188308 (M.D. Fla. Oct. 20, 2010); see also Hamatie v. Louisville Ladder, Inc., 2007 WL 7626033 (M.D. Fla. Oct. 24, 2007). The jury could easily and incorrectly infer from the proffered evidence that Defendants are liable in this case only because there were other FLSA claims.  In such situations, motions in *limine* are appropriate.  Palmer v. Board of Regents of the University System of Georgia, 208 F.3d 969 (11th Cir. 2000).

Finally, such evidence will result in the expenditure of significant litigation time on issues collateral to Plaintiffs' claims and the inevitable result of having to conduct several "mini-trials" within this trial. McWhorter v. City of Birmingham, 906 F.2d 674, 679 (11th Cir. 1990). Therefore, any evidence of other FLSA claims against Defendants should be excluded at trial.

**(F) Defendants' Motion in *Limine* to Exclude Evidence or Testimony of Former Employees Who Made FLSA Claims Against the Defendants**

In the past former employees have made claims of unpaid overtime against Defendants. None of these claims resulted in any judgment against Defendants, but were all settled.  Plaintiffs intend to call former/current employees of Defendants who made such claims of unpaid overtime and whose claims have been settled, to testify regarding the "environment of the workplace," "habits of the Defendants" and other inadmissible matters.  These former/current employees would have no admissible evidence to present regarding Plaintiffs' claims.  Rather, Plaintiffs will seek to present these individuals to elicit testimony about their own allegations against Defendants in an effort to unduly prejudice Defendants.

Courts have long recognized that evidence of an employer's conduct towards other employees is not relevant to an individual claim brought by a different employee.  Accordingly, evidence that others have made overtime claims against Defendants is only intended to paint Defendants in a negative light before the jury given that there was no finding of any kind against the Defendants as to those allegations. Indeed, they amount to unsupported speculation and subjective belief by the former employees regarding claims that have now been settled.

Such evidence and argument is irrelevant and would serve no purpose other than to confuse the issues, mislead the jury, and unfairly prejudice the Defendants in violation of Rules 401, 402, 403, 404(b), and 602 of the Federal Rules of Evidence. Additionally, any evidence of the parties' compromise of these claims is precluded by Rule 408, and should be excluded.

Finally, such evidence will result in the expenditure of significant litigation time on issues collateral to Plaintiffs' claims and the inevitable result of having to conduct several "mini-trials" within this trial. McWhorter v. City of Birmingham, 906 F.2d 674, 679 (11th Cir. 1990).

**SUMMARY OF PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED MOTIONS IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANTS' PENDING EEOC CHARGE,  PRIOR CASES AGAINST THE DEFENDANTS AND EXCLUDE EVIDENCE OR TESTIMONY OF FORMER EMPLOYEES WHO MADE FLSA CLAIMS AGAINST THE DEFENDANTS.**

Evidence regarding Defendants' other lawsuits are relevant and important to the issue of good faith and willfulness. Nonetheless, Plaintiffs stipulate that there will not be any reference regarding the *specific previous* cases against the Defendants.  However, Evidence and/or testimony of current and/or former employees who made FLSA claims against the same Defendants are absolutely relevant and necessary for Plaintiffs' case.

Plaintiffs intend to call current and former employees of the Defendants, in Plaintiffs' case in chief, in order to present to the jury essential elements of Plaintiffs' claims.  Through the testimony of the former and current employees, the jury should be allowed to hear about the environment at the Defendants' workplace, including: the pay structure; custom and habit of the Defendants; hours worked by the Plaintiffs; and the manner in which the Plaintiffs and current and former employees were paid.

In addition, Plaintiffs needs to show Defendants recklessly or willfully violated the overtime wage laws, or the claims could be reduced from the three year limitations period afforded by the FLSA, to two years (the FLSA is three years for overtime wage violations if willfulness is shown, otherwise only two years). Moreover, as set forth below imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith. As to willfulness, see *Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws,

the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. See Fla. Const. Art. 10, § 24(e)).

As to good faith, such testimony at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance, without discussing or referencing a previous lawsuit. Pursuant to the Eleventh Circuit ruling in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed). While it is true that liquidated damages are decided by the Court post-trial if the Plaintiff prevail, the Court should also hear the testimony so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith. However, willfulness is decided by the jury.

Unless Plaintiff establishes willfulness, he can only seek (2) years of overtime damages regarding his wage claims under the FLSA (calculated from the date the Complaint was filed). See, *Davila supra*. Thus, the jury must be permitted to hear evidence from current and former employees, including employees which filed lawsuits for violations of the FLSA, concerning Defendants' knowledge of the law in relation to their alleged violations.   As the Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean,* 20 F. Supp. 2d 901, 913 (citing *Fowler v. Land Mgmt. Group, Inc*., 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to

the jury."); see also *Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir.

2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129,

(M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury

question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

Consequently, given that willfulness requires a jury determination, the Court should not

permit Defendants' to restrict evidence from former employees which sued the Defendants

for their violations.   Such evidence impacts the issue of good faith regarding whether

liquidated damages will be imposed should Plaintiffs prevail at trial.

Moreover, evidence and testimony from the current and former employees will allow

the jury to hear and analyze evidence regarding the manner in which the they and they

Plaintiffs were paid for the hours they worked and importantly will be able to show the hours

the Plaintiffs actually worked.   Such evidence is not only relevant, but necessary, and such

testimony should be heard by the jury.

Respectfully submitted,


/s/Rodolfo Gomez                              /s/Ricardo M. Corona
Rodolfo Gomez, Esq.                          Ricardo M. Corona, Esq.
Florida Bar No. 0820903                      Florida Bar No. 111333
rgomez@anblaw.com                            rcorona@coronapa.com
**Allen, Norton & Blue, P.A.**               **CORONA LAW FIRM, P.A.**
121 Majorca Avenue                           3899 NW 7th Street, Second Floor
Coral Gables, Florida 33134                  Miami, Florida 33126
*Counsel for Defendants*                     *Counsel for Plaintiffs*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **<u>January  14, 2016</u>**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Ricardo M. Corona
Attorney


382218V2                                       12

## SERVICE LIST

### Quoc Khanh Bui vs. Minority Mobile System, Inc., et al.

Ricardo M. Corona, Esq.
rcorona@coronapa.com
**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, Florida 33126
*Counsel for Plaintiffs*


Rodolfo Gomez
rgomez@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel.: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendants*