**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF FLORIDA**

**CASE NO.: 15-cv-21317-MGC**

QUOC KHANH BUI, individually,
on behalf of himself and all others
similarly-situated,

      Plaintiff,

v.

MINORITY MOBIL SYSTEM, INC.,
ITRANSPORT SERVICES, INC.,
Both Florida Corporations, ALEIDA
COBO, individually, and JOANNE R.
URQUIOLA, individually,

      Defendants.
_____/

### PLAINTIFFS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT GRANT DEFENDANTS MOTION TO COMPEL AND DEFENDANTS' MOTION FOR CONTEMPT AND TO DISMISS

Plaintiffs, ALEXANDER SANTIAGO AND QUOC KHANH BUI (hereinafter "PLAINTIFFS"), by and through undersigned counsel, hereby files their response to this Court's Order to Show Cause as to why the court should not grant Defendants Motion to Compel and Defendants' Motion for Contempt and to Dismiss ("Motion"), and states as follows:

1. This is an action for damages pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et. seq. against MINORITY MOBIL SYSTEM, INC. (hereinafter "MMS"), ITRANSPORT SERVICES, INC. (hereinafter "iTransport"), ALEIDA COBO (hereinafter "COBO"),and JOANNE R URQUIOLA (hereinafter "URQUIOLA").

2. On October 20, 2015, Plaintiffs served their *pro se* responses to Defendants First Request for Production of Documents.

3. On December 4, 2015, the Honorable Judge Marcia Cooke entered an Order which denied Plaintiffs' Motion for Extension of Time to extend Discovery deadline and Ordered: "Plaintiffs shall also provide Defendants with all documents responsive to Defendants' discovery requests. Failure to do so will result in Plaintiffs' inability to use said documents at trial" [DE 93].

4. Plaintiffs complied with Judge Cooke's ruling by timely providing the Defendants with the documents Plaintiffs had in their possession, custody or control that were responsive to any discovery request, via email on December 11, 2015.

5. The Order issued by Judge Marcia Cooke did not require Plaintiffs to amend their responses to discovery.

6. Defendants never moved to compel better responses to those responses prior to their motion filed on December 21, 2015.

7. Prior to December 21, 2015, Plaintiffs offered to execute 4506 forms to provide to Defendant so that requested tax returns that Plaintiffs no longer had in their immediate possession could be ordered and obtained.  Defendant's counsel declined this offer.  Plaintiff's counsel also offered a bag of receipts from Plaintiff Alexander Santiago which were responsive to discovery requests to defense counsel for inspection.  Rather than accept them and inspect same, defense counsel asked that Plaintiff's counsel instead engage in the task of making photo copies of same.  Plaintiff's counsel complied with said request.

8. On January 11, 2016 this court issued two orders; one docket text order extending the time to submit the pretrial stipulations and joint motions in limine, and one traditional order requiring the Plaintiffs to pay $4,235.44 no later than January 18, 2016.

9. Unfortunately the undersigned counsel did not see the traditional order taxing costs until the Defendant filed their Motion to Dismiss, a motion which was filed without defense counsel conferring as required under the local rules.

10. Undersigned counsel spent several hours discussing this case with Defendants' counsel during the week the orders were entered by the court and before the due date for compliance with same and at no time prior to filing the motion did Defendants' counsel discuss the outstanding order or advise the undersigned about the order, despite the requirement that counsel confer prior to the filing of motions under the local rule.

11. Since the order taxing costs was entered on January 11, 2016, the undersigned has personally: filed and served an appellate brief with the Third District Court of Appeals; prepared for and attended one criminal trial; prepared for and attended two civil bench trials; prepared for and attended more than ten hearings including two special set hearings; and drafted several drafts of the pre-trial stipulations and prepared the summaries and responses of the summaries of the motions in limine.

12. Notwithstanding the other obligations, the undersigned would have done everything possible to attempt to have the Plaintiffs pay the costs or pay the costs for the Plaintiffs, had the undersigned been aware of the order taxing costs. Counsel did not intentionally violate any order of the court and failure to comply was due to excusable neglect as outlined herein.

13. The undersigned certifies that a check for the full amount required in the order taxing costs, will be sent to the Defendants, from the undersigned firm's operating account on January 21, 2016.

## MEMORANDUM OF LAW

Courts have held "that dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court, *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781, and are to be reserved for comparable cases." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984).

In the matter before us, Plaintiffs served responses to Defendants discovery and listed objections. While Defendants could have timely set those objections for hearing, they chose not to. Nonetheless, Plaintiffs fully complied with Honorable Judge Cooke's order requiring the Plaintiffs produce all documents responsive to the requests that were in plaintiffs possession, custody or control . Additionally, the failure to comply with the Order issued on January 11, 2016, is solely based on excusable neglect of the undersigned counsel. Had the undersigned been aware of the outstanding order, the order would have been complied with. Defendant certainly could have advised the undersigned of the order or inquired as to payment of same, yet in over ten correspondences with Defendants counsel, not once was there ever a mention of the order taxing costs. To punish plaintiffs with dismissal based upon counsel excusable neglect would be inequitable and contrary to the court's preference to adjudicate matters on their merits.

Defendant's Motion for Dismissal of the pleadings in this matter is clearly without merit. Dismissal of pleadings is one of the most severe of all the sanctions available and is only to be resorted to when the failure to comply has been due to willfulness, bad faith, or any fault of

petitioner. *Kropp v. Ziebarth* 557 F. 2d 142 (8th Cir. 1977); *Beauregard, Inc. v. Sword Services, LLC.* 107 F. 3d 351 (E.D. La. 1997): *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir. 1990).

Despite Defendant's attempts to claim to the contrary, there has been no willfulness, bad faith, nor even any fault whatsoever on the part of the Plaintiff. As stated above, Plaintiffs and their counsel have not willfully violated any orders and undersigned counsel is going to pay the costs and will be sending a check for the full amount ordered by this court to Defendants counsel on January 21, 2016. There is simply no basis for a finding of willfulness, bad faith or fault on the part of the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion for Contempt and to Dismiss and to find good cause on the part of the Plaintiffs and Plaintiffs' counsel.

VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Motion and the facts stated in it are true to the best of my knowledge and belief.

/s/ Ricardo M. Corona

Ricardo M. Corona Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

*Respectfully submitted,*

CORONA LAW FIRM, P.A.
*Attorneys for Defendant(s)*
3899 NW 7 ST, Second Floor
Miami, Florida  33126
Telephone:  (305) 266-1150
Primary Email: Ricky@coronapa.com


By: /s/Ricardo M. Corona
   RICARDO R. CORONA
   Florida Bar No: 111333
   RICARDO M. CORONA
   Florida Bar No: 107684

Rodolfo Gomez
rgomez@anblaw.com
Peter L. Sampo
psampo@aanblaw.com
Jenna N. Kochen
jkochen@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel.: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendants*